ment and execution against Adams the mortgagee of the property. Now, by our law the rights of mortgagees can be sold as well as of mortgagors. On the record Adams was the owner as mortgagee of the property. The judgment creditors had a right to sell that interest, whatever it might be. It was sold and he became the purchaser. Now we cannot make any decree which will affect his interest without making him a party. He is not a party, and cannot, without service or appearance, be made a party in this court. Therefore, the bill will have to be dismissed, but without prejudice.

YOUNG (DADE v.). See Case No. 3,534.

## Case No. 18,157.

### YOUNG et al. v. DAVIDSON.

[5 Cranch, C. C. 515.] [1]

Circuit Court, District of Columbia. Nov. Term, 1838.

TAKING OF DEPOSITION—NOTICE.

In taking a deposition under the 30th section of the judiciary act of 1789 [1 Stat. 88], the notice must be given by the magistrate before whom the deposition is to be taken; a notice given by the party is not sufficient.

Assumpsit [by John M. Young and others against John Davidson] for work and labor.

Upon the trial, R. J. Brent, the plaintiffs' counsel, offered to read in evidence to the jury the deposition of one F. A. Russell, taken de bene esse, before the mayor of Washington.

Mr. Marbury, for defendant, objected that the notice to the defendant was given by the plaintiffs, and not by the magistrate, as required by the act of congress of September 24, 1789, § 30 (1 Stat. 88).

THE COURT (THRUSTON, Circuit Judge, absent) for that reason rejected the deposition.

YOUNG (DECATUR v.). See Case No. 3,-722.

YOUNG (DENEALE v.). See Cases Nos. 3,-785 and 3,786.

YOUNG (GRUNDY v.). See Cases Nos. 5,-850 and 5,851.

## Case No. 18,158.

### YOUNG v. HOOVER.

[4 Cranch, C. C. 187.] [1]

Circuit Court, District of Columbia. Dec. Term, 1831.

POUND-BREACH—JUSTIFICATION.

If cattle be impounded for damage feasant, the badness of the plaintiff's fence is no justification of pound-breach, but may be given in evidence in mitigation of damages.

[1] [Reported by Hon. William Cranch, Chief Judge.]

Trespass and pound-breach [by Edward D. Young against Peter Hoover].

Mr. Marbury, for defendant, offered evidence of the plaintiff's bad fence in justification.

Mr. Redin, contra, contended that it was no justification of the pound-breach, and cited Bradb. Dis. 287; Cotsworth v. Bettison, 1 Salk. 247; Lindon v. Hooper, Cowp. 414; 1 Rolle, Abr. 674, pls. 1, 5; Co. Litt. 47b; and Lat. Just. 135.

Mr. Marbury, in reply. If the distress be unlawful, the owner may take them out of pound if it be not locked, only latched, so as no violence be used. Com. Dig. tit. "Distress," d. 2, p. 500.

THE COURT (nem. con.) said that the want of a sufficient fence was not a justification of breaking the pound, but may be given in evidence in mitigation of damages; the court having before permitted the plaintiff to give evidence of the actual damage done by the cattle in the plaintiff's garden in aggravation of damages.

YOUNG (HOUSE v.). See Case No. 6,738.

## Case No. 18,159.

### YOUNG v. JONES et al.

[3 Hughes, 274.] [1]

Circuit Court, E. D. Virginia. Feb. 18, 1879.

FIRM TRADEMARK—RIGHTS OF PARTNER.

The exclusive right to use the trademark of a firm does not pass to any member of the firm by mere implication; but such member may use it, provided he do so in a manner not to deceive the public.

Injunction against use of a trademark.

HUGHES, District Judge. A bill was filed by the plaintiff on the 15th of January last, complaining of a violation of his trademark by the defendants, and making a case for a temporary restraining order under section 718 of the Revised Statutes; and the order was given, to stand until the 12th instant. A rule was given against the complainant, returnable on the 12th instant, which is now heard. The defendant files his answer and affidavits. The complainant files affidavits, and the case is heard on the defendants' motion to dissolve the temporary restraining order, and on the complainant's motion for a preliminary injunction until the cause shall be finally heard on plenary proofs. Smith, Snyder & Co. was a firm which established a valuable European reputation for a certain manufacture of sumac and bark, and their brand became valuable as a trademark. They were succeeded by the firm of Jones, Snyder & Young, which acquired an exclusive right to their trademark or brand,

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]